**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

In Re Application of:
PETRUS ADVISERS INVESTMENTS FUND, L.P.,
by its General Partner, PETRUS ADVISERS
INVESTMENTS GENERAL PARTNER, INC.,

      Applicant,

Pursuant to 28. U.S.C. § 1782
For Judicial Assistance in Obtaining
Evidence for use in Foreign and
International Proceeding.
_____/

**APPLICATION OF PETRUS ADVISERS INVESTMENTS FUND, L.P.**
**BY ITS GENERAL PARTNER,  PETRUS ADVISERS INVESTMENTS GENERAL**
**PARTNER, INC., FOR JUDICIAL ASSISTANCE IN AID OF**
**<u>A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782</u>**

PETRUS  ADVISERS  INVESTMENTS  FUND,  L.P.,  by  its  General  Partner,  PETRUS

ADVISERS  INVESTMENTS  GENERAL  PARTNER,  INC.    ("Petrus  Advisers"  or

"Applicant"),  respectfully  submits  this  Application  for  Judicial  Assistance  in  Aid  of  a  Foreign

Proceeding  Pursuant  to  28  U.S.C.  §  1782  and  requests  the  issuance  of  an  order  permitting  the

Applicant  to  obtain  documentary  and  testimonial  discovery  from  individuals  and  entities  within

the  United  States  Southern  District  of  Florida  for  use  in  a  proceeding  pending  before  the

Commercial Court in Vienna, Austria and states as follows:

**<u>Introduction – Previous Ongoing 1782 Proceeding</u>**

There  is  a  related  proceeding  in  this  District,  *In re Application of: Petrus Advisers*

*Investments Fund, L.P.*,  1:22-cv-22437-BB  ("First 1782 Proceeding").  On August 2, 2022, this

Court granted Petrus Advisers's Petition for Section 1782 discovery from the Starwood Capital

Group ("Starwood" or "Starwood Capital") for use in connection with three pending Austrian

proceedings. Order, ECF No. 3, First 1782 Proceeding. The First 1782 Proceeding concerns,

1

*inter alia*, abusive majority shareholder-controlled management practices by SOF-11 Klimt CAI S.à r.l ("SOF-11") in an Austrian company, CA Immobilien Anlagen Aktiengesellschaft ("CA Immo" or the "Company") at the ultimate behest of Starwood. SOF-11 is CA Immo's majority shareholder, and Petrus Advisers is a minority shareholder. *See generally* 1782 Application, ECF No. 1, First 1782 Proceeding. SOF-11 is ultimately owned and controlled by Starwood.

Starwood moved to vacate the Order granting the petition and to quash the subpoenas. *See* ECF No. 6, First 1782 Proceeding. The Magistrate Judge formerly assigned to this case entered a Report and Recommendation denying Starwood's motion to vacate, overruling its objections, and denying the motion to quash. *See* Report and Recommendation, ECF No. 24, First 1782 Proceeding. Starwood challenged the R&R, and on May 25, 2023, after a full de novo review of all properly preserved objections, the District Court adopted the Report and Recommendation in full. ECF No. 24, First 1782 Proceeding.[1]

**1782 Discovery Sought by this Petition for New, Related Austrian Proceeding**

Petrus Advisers filed the new underlying foreign action in Austria before the Commercial Court in Vienna on June 3, 2024.[2] In the 2024 Austrian Special Audit Proceeding, Petrus Advisers sued CA Immobilien Anlagen Aktiengesellschaft, *i.e.* the Company.[3] Petrus Advisers has asked the Commercial Court in Vienna to, *inter alia*, nullify resolutions declining Special Audits raised by Petrus Advisers at CA Immo's 2024 General Meeting and improperly voted down by the majority shareholder, SOF-11, and declare the raised resolutions to be passed. Three of the requested audits challenge the Supervisory Board's actions from 2018 through 2023, and the other challenges the Management Board's actions in the business year 2023.

---

[1] The First 1782 Proceeding is ongoing.
[2] 25 Cg 14/24k – 2024 Special Audit Proceeding (the "2024 Special Audit Proceeding").
[3] Petrus Advisers is a minority shareholder of the Company.

2

Petrus Advisers has also requested that the Court nullify Company resolutions approving the management of the Company in the business year 2023 by the Company's Management and Supervisory Board Members and the resolution on the re-nomination of Mr. Jeffrey Dishner as a Company Supervisory Board member.

The discovery sought by this application is for use in the 2024 Austrian Special Audit Proceeding. It is in the possession, custody, and/or control of some or several related Starwood entities located in Miami Beach. These entities indirectly own and control the corporate majority shareholder of the Company. Petrus Advisers claims in the pending 2024 Austrian Special Audit Proceeding that this majority shareholder has taken numerous illegal actions to prefer its owner's interests at the expense of the Company and its shareholders overall.

The discovery sought is for records and testimony from entities within this judicial district. The discovery targets are not parties to the 2024 Austrian Special Audit Proceeding. They are not within the subpoena power of the Austrian court. Applicant seeks discovery from them for use in the 2024 Austrian Special Audit Proceeding. As detailed below, all requirements for relief pursuant to 28 U.S.C. § 1782 ("Section 1782") are satisfied.

### The Company

The Company is a joint stock company[4] formed under Austrian law. It is headquartered in Vienna and has branch offices in five Central European countries. Its core business is leasing, managing, and developing office buildings. The Company is valued at multi-billions of dollars.

Some elements of the Company's corporate structure are similar to our own. For example, it has shareholders who elect the directors who, in turn, appoint the officers. It also has elements of governance that are foreign to our own concepts and processes. To the extent

---

[4] "Aktiengesellschaft" (shortened to "AG").

necessary for an understanding of the processes in Austria and the discovery sought, they are explained below:

**Shareholders and General Meetings:**

The Company has shareholders who hold periodic general meetings ("GM") and reach decisions by majority vote. The shareholders decide major corporate issues. Especially important here, they: (a) authorize the distribution of profits; (b) appoint and dismiss the members of the board of directors – the "Supervisory Board;" (c) approve or disapprove of the management by members of the Supervisory Board and officers; and (d) decide on the requests of individual shareholders to launch "Special Audits" into questioned actions of corporate management. The focus of the 2024 Austrian Special Audit Proceeding is four requests for Special Audits, described in more detail *infra*.

**The Supervisory Board:**

The Company has a board of directors termed its "Supervisory Board" which is composed of all non-executive directors. Two-thirds of the directors represent the shareholders, and one-third represent the employees. Unlike some Austrian companies, the Company has no minority shareholder board representative. The Supervisory Board appoints the company's executive management, *i.e.*, its officers, and supervises their conduct. The Supervisory Board is not supposed to make operational decisions. That is the exclusive purview of executive management. At the time of the relevant GM, three of four Company shareholder representatives in the Supervisory Board were appointees of the majority shareholder, SOF-11.

**Executive Management – The Officers:**

The Company has two officers: a Chief Executive Officer ("CEO") and a Chief Financial Officer ("CFO").[5] The officers manage the Company on a day-to-day basis. At the time of the relevant 2024 GM, the CEO was Keegan Viscius, a former Starwood employee.

**Conflicts of Interest and Shareholder Voting Prohibitions:**

Austrian law contains prohibitions on shareholders' voting during shareholder meetings on agenda items where those shareholders have a conflict of interest, such as where their own actions or the actions of others whom they control or influence, or the actions of those by whom they are controlled or influenced, are brought into question. This prohibition also applies to votes on "Special Audit" requests, discussed immediately below.

**Special Audits:**

A shareholder who suspects illicit behavior that damaged the company (and hence, its shareholders) may request a Special Audit to investigate the matter and have it put to the vote at a GM. If a shareholder believes that its request for a Special Audit was improperly voted down because, for example, shareholders who had a conflict of interest and were disqualified from voting and should have abstained, but nevertheless voted and were allowed to vote by the Chairman of the GM (usually the Chairman of the company's Supervisory Board), the wronged shareholder may apply to the Commercial Court to disregard such votes and declare the Special Audit resolution passed.

---

[5] In 2018, the Company had two officers, a CEO and CFO. Keegan Viscius was named CIO on November 1, 2018 and the CFO resigned. A new CFO (Andreas Shillhofer) was appointed in 2019. In 2023, Keegan Viscius was appointed as a CEO and the Company had, again, only two officers.

The 2024 Austrian Special Audit Proceeding involves Special Audit requests improperly voted down by a conflicted majority shareholder. Petrus Advisers has asked the Vienna Commercial Court to nullify resolutions improperly declining four requests for Special Audits.

### **Background to the 2024 Austrian Special Audit Proceeding**

The Company's majority shareholder is SOF-11 Klimt CAI S.à r.l ("SOF-11"). The Applicant is one of the Company's minority shareholders. SOF-11 is ultimately owned and controlled by Starwood Capital, an American private investment firm headquartered in Miami Beach, Florida. At the time of the 2024 General Meeting, Starwood Capital had three **_disclosed_** representatives on the Company's Supervisory Board: Jeffrey G. Dishner, Sarah Broughton and David Smith. All are, or were, also senior executives or directors in Starwood Capital.

### **Applicant's Protests and Requests for Special Audits:**

At the Company's May 2, 2024 General Meeting, Applicant filed resolutions for Special Audits, all improperly declined by the Company's majority shareholder, SOF-11, to investigate the following alleged illegal behavior by the Company's management as improperly influenced by SOF-11:

    a.  certain aspects of the Company's capital rotation program since September 2018, especially the fact that the Company sold significantly more assets than it bought and the Company's 2023 remuneration policy, which offered significant incentives to Management Board Members Keegan Viscius (former Starwood employee and CEO of the Company) and Dr. Andreas Schillhofer (CFO of the Company) and paid high dividends to the shareholders;

    b.  (i) whether the disclosures of interest regarding the former Supervisory Board Members John Nacos (for the business years 2018 and 2019) and Michael Stanton

(for the business years 2018-2022) had been appropriately made in Corporate Governance Reports from 2018-2021 with regard to Starwood Capital's influence over the Supervisory Board; (ii) the October 2022 resignation of the Supervisory Board members who were formally independent from Starwood Capital, including whether they were pressured to step back by Starwood Capital; and (iii) composition of the Starwood Capital-dominated Supervisory Board;

c. (i) the 2018 nomination of the former Starwood Capital employee Keegan Viscius without a proper executive search and who lacked relevant qualifications for the job and his excessively high remuneration; (ii) appointment of a third executive officer in 2019 which lead the increase of management remuneration and also in the light of the June 2023 reduction of the Company's Management Board to two officers and nomination of Keegan Viscius as a CEO of the Company; (iii) nomination and subsequent resignation of CEO Silvia Schmitten-Walgenbach; and

d. Special Audit requests, especially aimed to investigate the responsibility of Starwood Capital (now former) COO (now Vice Chairman) Jeffrey Disher in the Supervisory Board of CA Immo and the special advantages of Starwood Capital, which harmed the Company.

Petrus Advisers has asked the Commercial Court in Vienna to declare that the resolutions requesting the Special Audits be passed. Petrus Advisers has also asked the Vienna Commercial Court to nullify resolutions approving the Company's management by the Management Board and the Supervisory Board for the business year 2023. Petrus Advisers also requested, *inter alia*,

that the Court nullify the resolution renominating Starwood representative Jeffrey Dishner as a Supervisory Board member.

Under Austrian law, SOF-11 was conflicted from voting on relevant resolutions and the Special Audit requests raised by the Applicant as they impugned the actions of the senior executives of Starwood, especially Jeffrey Dishner, and impugned SOF-11's own actions and alleged potential legal liability of SOF-11. In every case, SOF-11 refused to abstain from improperly preventing the resolutions' defeat and the Special Audits' approval.

Instead, SOF-11 voted, and the Supervisory Board President allowed it to vote: (i) to approve the Company's management; (ii) to disallow the Special Audits into its own actions and the actions of its appointees (especially Mr. Jeffrey Dishner); and (iii) voted to re-nominate Mr. Dishner to the Supervisory Board without the requested Special Audit of his suspected wrongdoings.

### Summary of the Section 1782 Discovery Sought

As stated above, the illegal actions alleged herein were taken pursuant to the direction of the Company's ultimate owner of SOF-11, Starwood Capital, other Starwood entities in the SOF-11's ownership chain, and their officers, directors, employees, agents, or affiliates, and direct, indirect, and beneficial owners located in Miami Beach, Florida. Applicant, therefore, seeks discovery of such entities pursuant to the terms of the attached proposed subpoenas *duces tecum* directed to the respective non-party witnesses. As noted above, all of the discovery targets and proposed deponents are found within this District; none of them are parties to the 2024

Austrian Special Audit Proceeding, and none of them are within the Austrian Court's subpoena power. The information sought is for use in the 2024 Austrian Special Audit Proceeding.[6]

### Timeframe of Discovery Sought

Because the chain of ownership of SOF-11 is not presently confirmed, the documents may be held by one or more of the affiliated entities, substantially identical discovery requests are addressed to each of the affiliated entities and their named or designated representatives within the District, namely: (1) Starwood Capital Group Management L.L.C. (Exh. "A"); (2) Starwood Capital Group Holdings GP L.L.C (Exh. "B"); (3) SCGG II GP, L.L.C. (Exh. "C"); (4) SCGG II LP, L.P. (Exh. "D"); (5) Starwood Capital Group Global II, L.P. (Exh. "E"); (6) Starwood XI Management, L.P. (Exh. "F"); (7) Starwood XI Management GP, L.L.C. (Exh. "G"); (8) SCG Klimt Special, L.P. (Exh. "H"); (9) SCG Klimt Special GP, L.L.C. (Exh. "I"); and (10) Starwood Capital Group Global I, L.L.C (Exh. "J") ("Discovery Targets" or "Starwood Capital Companies").[7]

### Verification

The foregoing description of the 2024 Austrian Special Audit Proceeding and the discovery sought is verified by the attached Declaration of Mag. Slavica Vanovac, who is an attorney and owner of the law firm of Vanovac Rechtsanwaltskanzlei in Vienna, Austria, and counsel for the Applicant in the 2024 Austrian Special Audit Proceeding. *See* Exh. "K." She further confirms that the evidence sought through this Application would not circumvent any

---

[6] We note that all five named managing agents of the Starwood Capital, Jeffrey G. Dishner, Laura M. Rubin, Sarah Broughton, David Smith and Barry S. Sternlicht who Petrus Advisers seeks to depose in their corporate capacity with the Starwood companies here in Florida, also served or serve on the Supervisory Board of the Company in Austria at various times during the relevant time period as defined in the attached subpoenas.

[7] Applicant plans to serve subpoenas on the respective records custodians of each entity followed by subpoenas for testimony from a representative of each entity, representatives for each entity, or a representative for all entities.

proof-gathering restrictions under Austrian law; there has been no ruling by the judge in any of the 2024 Austrian Special Audit Proceeding prohibiting foreign discovery; and the Austrian Court will be receptive to evidence procured through U.S. judicial assistance under 28 U.S.C. § 1782. *See* Vanovac Dec., Exh. "K," ¶¶ 7 and 8.

Specifically, such evidence may, under Austrian law, be presented to the Austrian court as exhibits at hearings or as attachments (exhibits) to written submissions to the court. Each document (including the deposition transcripts) can be presented to the Austrian court as exhibits. The documents may be sent to the court together with written submissions or as a standalone presentation of exhibits (*Urkundenvorlage* – presentation of documents) per the Austrian court's electronic system and, if not available, per mail post. The documents may also be presented to the court as exhibits at oral hearings. *See* Vanovac Dec., Exh. "K," ¶¶ 7 and 8.

### Propriety of Section 1782 Relief - Overview

"28 U.S.C. § 1782 permits courts to order from persons residing within the United States discovery on any nonprivileged matter that is relevant to a party's claim or defense." *In re Fundo de Liquidação Financeira — Fundo de Investimento em Direitos Creditórios Não Padronizado*, 2021 U.S. Dist. LEXIS 183013, at *2 (M.D. Fla. Sep. 23, 2021). As stated, this Court previously granted Petrus Advisers' petition for section 1782 assistance against substantially the same entities in related Austrian proceedings. *See In re Petrus Advisers Investments Funds, L.P.*, 2023 WL 3673372 (S.D. Fla. May 26, 2023).

The Eleventh Circuit has repeatedly recognized the liberal policy in favor of granting petitions for judicial assistance under Section 1782. *See Glock v. Glock, Inc.*, 797 F.3d 1002, 1007 (11th Cir. 2015) (granting Section 1782 relief to support Austrian litigation, the court held "[t]he current embodiment of the [Section 1782] law reflects the policy choice to provide

efficient means of assistance in our federal courts for litigants involved in international litigation and to prompt foreign courts to follow our generous example and provide similar assistance to our court systems").

"'Substantively, so long as the district court fashions its order in accordance with the 'twin aims' of § 1782, providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts, . . . it acts within its discretion.'" *In re Furstenberg Fin. Sas & Marc Bataillon*, 2016 U.S. Dist. LEXIS 194711, at *4-5 (S.D. Fla. July 26, 2016) (citation omitted).

### This Application Satisfies All Statutory Elements for Section 1782 Relief

"A district court has the authority to grant an application for judicial assistance if the following statutory requirements in § 1782(a) are met: (1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance. 28 U.S.C. § 1782(a). If these requirements are met, then § 1782 'authorizes, but does not require, a federal district court to provide assistance . . . .'" *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007).

### A. The Applicant is an "Interested Person."

A litigant "may be the most common example of the 'interested person[s]' who may invoke § 1782." *Intel Corp.*, 542 U.S. at 256. The Eleventh Circuit also held that a party to the foreign dispute is "plainly" an interested person. *See Consorcio Ecuatoriano*, 747 F.3d at 1269.

As shown above, the Applicant is the plaintiff in the 2024 Austrian Special Audit Proceeding and has an interest in obtaining discovery from non-parties located within this district to support its case.

**B.      The Applicant Seeks Evidence Permitted Under Section 1782.**

Austrian law gives minority shareholders a direct right of action to apply to a court for relief from abuse by the majority. This Court has previously held that Section 1782 discovery for documents and testimony to support a pending foreign derivative action is permissible. *See Gyptec, S.A. v. Hakim-Daccach*, 2018 U.S. Dist. LEXIS 167711 (S.D. Fla. Sep. 28, 2018). Such discovery is sought by the Applicant and is therefore expressly permitted by Section 1782. *See also See* Vanovac Dec., Exh. "K," ¶¶ 7 and 8.

**C.      The Application Seeks Evidence "For Use" in the Foreign Legal Proceeding.**

"Section 1782(a) provides that the district court where [the witness] resides 'may order him to give his testimony or statement . . . for use in a proceeding in a foreign . . . tribunal.'" *In re Clerici*, 481 F.3d at 1329. In the case at bar, the 2024 Austrian Special Audit Proceeding is taking place in Vienna, Austria, and the evidence sought by the subpoenas to the Starwood Capital Companies is relevant to the claims in the 2024 Austrian Special Audit Proceeding. The Applicant will use the evidence gathered here to support its claims and legal theories made in the Austrian litigation. *See also See* Vanovac Dec., Exh. "K," ¶¶ 7 and 8.

**D.      Starwood Capital Companies are Found within this District.**

"[T]he person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *In re Clerici*, 481 F.3d at 1332. "The question of what it means to 'reside' or be 'found' in a locale has been broadly interpreted based on common sense understandings of the words, and relevant case law on territorial jurisdiction."

*In re MTS Bank*, 2017 U.S. Dist. LEXIS 115851, at \*11 (S.D. Fla. July 25, 2017). "[T]he requirement of being 'found' within the District must be liberally interpreted, and was satisfied when a non-party person traveled to the United States and was served with a subpoena for deposition pursuant to section 1782." *In re Inversiones y Gasolinera Petroleos Valenzuela, S. de R.L.*, 2011 U.S. Dist. LEXIS 5201, at \*23 (S.D. Fla. Jan. 19, 2011). Furthermore, if there is doubt on whether the Discovery Targets reside in or are found in this District, then the Applicant may take jurisdictional depositions to resolve the dispute. *See In re MTS Bank*, 2018 U.S. Dist. LEXIS 113861, at \*11 (S.D. Fla. July 10, 2018).

In the present application, all of the Starwood Capital Companies maintain their principal place of business in Miami Beach, Florida, and all are qualified to do business in the State of Florida according to their submissions to the Florida Department of State, Division of Corporations.

**The Application Satisfies All Discretionary *Intel* Factors for Relief**

If the above statutory elements are met, the U.S. Supreme Court, in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004), identified four discretionary factors that district courts should consider when exercising their discretion to grant Section 1782 relief:

> (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.' *Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1272 (11th Cir. 2014); *citing Intel*, 542 U.S. at 264-65.

**A.** **No Starwood Capital Company Participates in the 2024 Austrian Special Audit Proceeding.**

The first factor is "whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant.'" *Consorcio Ecuatoriano*, 747 F.3d at 1272. None of the Starwood Capital Companies is a party to the 2024 Austrian Special Audit Proceeding. Moreover, the Starwood Capital Companies are outside the jurisdiction of the Austrian court. The only compulsory means of obtaining the requested evidence is through this Application.

**B.** **Austrian Courts are Receptive to Judicial Assistance Under 28 U.S.C. § 1782.**

Under *Intel*, the Court should consider "'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance.'" *Consorcio Ecuatoriano*, 747 F.3d at 1272. Austrian courts are very receptive to American judicial assistance sought by interested parties, and Austrian courts themselves have requested judicial assistance from the Department of Justice, Office of Foreign Litigation. *See Glock v. Glock, Inc.*, 797 F.3d at 1004 (granting Section 1782 relief to seek evidence to assist pending divorce proceedings in Austria); *see also In re Request for Judicial Assistance from the Dist. Court Landeck, Austria*, 2020 U.S. Dist. LEXIS 59054 (M.D. Fla. Apr. 3, 2020) (granting Section 1782 relief upon request for judicial assistance from an Austrian court in Landeck, Austria); *In re Letter of Request*, 2022 U.S. Dist. LEXIS 42169 (D. Ariz. Mar. 4, 2022) (granting Section 1782 relief upon the request for judicial assistance from an Austrian court in Feldbach, Austria). The supporting declaration is to the same effect. *See also See* Vanovac Dec., Exh. "K," ¶¶ 7 and 8.

14

**C.        There is no Attempt to Circumvent Foreign Proof-Gathering Restrictions.**

The third discretionary *Intel* factor asks "'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.'" *Consorcio Ecuatoriano*, 747 F.3d at 1272. As stated in the attached declaration, the evidence sought through this Application would not circumvent any proof-gathering restrictions under Austrian law, and there has been no ruling by the judge in the 2024 Austrian Special Audit Proceeding prohibiting foreign discovery. Indeed, the fact that an Austrian court recently requested judicial assistance from the Middle District Court of Florida clearly demonstrates that Austrian courts are comfortable with interested parties gathering evidence via 28 U.S.C. § 1782 for use in their judicial system. *See In re Request for Judicial Assistance from the Dist. Court Landeck, Austria*, 2020 U.S. Dist. LEXIS 59054, at *7.

**D.        This Request is not Unduly Intrusive or Burdensome.**

Lastly, the discovery sought by the subpoenas is not unduly intrusive or burdensome. The subpoenas seek documentary and testimonial evidence on specific topics and within a specific timeframe that are relevant to the issues in the 2024 Austrian Special Audit Proceeding.

**<u>Conclusion</u>**

Applicant therefore respectfully requests that the Court enter the proposed order granting this Application pursuant to 28 U.S.C. § 1782; granting the Applicant leave to serve the Starwood Capital Companies with the subpoenas attached hereto, reserving jurisdiction to grant Applicant leave to serve additional subpoenas as may be necessary to obtain further evidence relevant to the Application and the 2024 Austrian Special Audit Proceeding, and granting any other and further relief as the Court deems just and proper.

Dated: December 18, 2025.

Respectfully submitted,

Aballí Milne Kalil, P.A.
*Counsel for Applicant*
One Southeast Third Avenue, Suite 2250
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
Email: hmilne@aballi.com
Email: jpoyer@aballi.com
Email: jcervera@aballi.com


*/s  Joshua D. Poyer*
Hendrik G. Milne, Esq.
Florida Bar No. 335886
Joshua D. Poyer, Esq.
Florida Bar No. 653349
John Cervera, Esq.
Florida Bar No. 1018886

16